UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 SEP 17 AM 8:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action Number: CV02-2055-NE |
| | ) |
| CITY OF HUNTSVILLE, ALABAMA | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant City of Huntsville, Alabama (the "COH"), in answer to and defense of each of the specifically-enumerated paragraphs of the complaint filed by plaintiff Level 3 Communications, LLC ("Level 3"), hereby responds as follows:

### A. PARTIES TO THE COMPLAINT

1.      The COH is without sufficient information to admit or deny the allegations contained in paragraph one of the complaint. Accordingly, the COH must deny same.

2.      In response to the allegations contained in paragraph two of the complaint, the COH specifically admits that it is a municipal corporation organized and existing under the laws of the state of Alabama and that its mailing address is 308 Fountain Circle, Huntsville, Alabama 35801. Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph two.

### B. JURISDICTION AND VENUE

3.      The COH admits the allegations contained in paragraph three of the complaint.

4.      The COH denies that this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331. Additionally, the COH denies that this Court has supplemental jurisdiction

over Level 3's state-law claims under 28 U.S.C. § 1367.

5.      In response to the allegations contained in paragraph five of the complaint, the COH specifically admits that Level 3 is attempting to assert claims for declaratory relief pursuant to 28 U.S.C. § 2201 and rule 57 of the *Federal Rules of Civil Procedure*. Except as expressed admittedly herein, the COH denies each and every remaining allegation contained in paragraph five.

## C. ADDITIONAL BACKGROUND AVERMENTS

6-8.      In response to paragraphs six through eight, inclusive, of the complaint, the COH specifically admits, upon information and belief only, that Level 3 is engaged in the business of developing and/or constructing a fiber optic telecommunications network. The COH asserts, however, that it lacks sufficient information to admit or deny the remaining allegations contained in paragraphs six through eight, inclusive. Accordingly, the COH must deny same.

9.      In response to the allegations contained in paragraph nine of the complaint, the COH specifically admits that Ordinance No. 00-819 ("Ordinance") was adopted by the Huntsville City Council on October 12, 2000. Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph nine.

10.      In response to the allegations contained in paragraph ten of the complaint, the COH specifically admits that Level 3 accepted the Ordinance by execution of a written acceptance on October 13, 2000. Regarding the terms of the Ordinance, the COH asserts that the Ordinance speaks for itself. Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph ten.

11.      The COH denies each and every allegation contained in paragraph eleven of the complaint.

12.     In response to paragraph twelve of the complaint, the COH asserts that the Ordinance speaks for itself.  Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph twelve.

13.     The COH admits the allegations contained in paragraph thirteen of the complaint.

14.     In response to the allegations contained in paragraph fourteen of the complaint,  the COH specifically admits that Level 3 failed to pay the COH all compensation required under the Ordinance as of October 2001.  Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph fourteen.

15.     In response to the allegations contained in paragraph fifteen, the COH specifically admits that the United States District Court for the Southern District of Alabama has decided *Lightwave Technologies, LLC v. Escambia County*, 43 F. Supp. 2d 1311 (S.D. Ala. 1999), and that the Alabama Supreme Court has decided *Lightwave Technologies, LLC v. Escambia County*, 804 So. 2d 176 (Ala. 2001).  Except as expressly admitted herein, the COH denies each and every remaining allegation contained in paragraph fifteen.

16-19.  The COH denies each and every allegation contained in paragraphs sixteen through nineteen, inclusive, of the complaint.

## D. COUNTS

### COUNT I

### DECLARATORY JUDGMENT ON  STATUS OF COMPENSATION FOR USE OF CITY OF HUNTSVILLE RIGHTS-OF-WAY

20.     In response to the allegations contained in paragraph twenty of the complaint, the COH adopts and incorporates by reference all of its  previous responses in paragraphs one through

3

nineteen, inclusive, as if fully set forth herein.

21.     The COH asserts that the allegations contained in paragraph twenty-one of the complaint are not allegations of fact for which responsive pleading is required, but, rather, such allegations constitute legal conclusions. However, to the extent that a response is required, the COH denies each and every allegation contained in paragraph twenty-one.

22-24. The COH denies each and every allegation contained in paragraphs twenty-two through twenty-four, inclusive, of the complaint.

In response to the unnumbered paragraph following paragraph twenty-four of the complaint, the COH denies that Level 3 is entitled to the requested relief or to any relief whatsoever.

## COUNT II

### DECLARATORY JUDGMENT AS TO COMPLIANCE WITH 47 U.S.C. § 253(a)

25.     In response to the allegations contained in paragraph twenty-five of the complaint, the COH adopts and incorporates by reference all of its previous responses in paragraphs one through twenty-four, inclusive, as if fully set forth herein.

26-30. The COH denies each and every allegation contained in paragraphs twenty-six through thirty, inclusive, of the complaint.

In response to the unnumbered paragraph following paragraph thirty of the complaint, the COH denies that Level 3 is entitled to the requested relief or to any relief whatsoever.

## COUNT III

### DECLARATORY JUDGMENT AS TO COMPLIANCE WITH 47 U.S.C. § 253(c)

31.     In response to the allegations contained in paragraph thirty-one of the complaint, the COH adopts and incorporates by reference all of its previous responses in paragraphs one through

thirty, inclusive, as if fully set forth herein.

32-34. The COH denies each and every allegation contained in paragraphs thirty-two through thirty-four, inclusive, of the complaint.

In response to the unnumbered paragraph following paragraph thirty-four of the complaint, the COH denies that Level 3 is entitled to the requested relief or to any relief whatsoever.

## COUNT IV

### DECLARATORY JUDGMENT AS TO VIOLATION OF 42 U.S.C. § 1983

35.     In response to the allegations contained in paragraph thirty-five of the complaint, the COH adopts and incorporates by reference all of its previous responses in paragraphs one through thirty-four, inclusive, as if fully set forth herein.

36-37. The COH denies each and every allegation contained in paragraphs thirty-six and thirty-seven, inclusive, of the complaint.

In response to the unnumbered paragraph following paragraph thirty-seven of the complaint, the COH denies that Level 3 is entitled to the requested relief or to any relief whatsoever.

## COUNT V

### INTERPLEADER

38.     In response to the allegations contained in paragraph thirty-eight of the complaint, the COH adopts and incorporates by reference all of its previous responses in paragraphs one through thirty-seven, inclusive, as if fully set forth herein.

39.     The COH denies each and every allegation contained in paragraph thirty-nine of the complaint.

In response to the unnumbered paragraph following paragraph thirty-nine of the complaint,

the COH denies that Level 3 is entitled to the requested relief or to any relief whatsoever.

## ADDITIONAL DEFENSES

### First Affirmative Defense

Some or all of Level 3's claims fail to state a claim against the COH upon which relief can be granted.

### Second Affirmative Defense

Level 3 is not entitled to any judgment against the COH, and Level 3 is not entitled to any relief whatsoever from the COH.

### Third Affirmative Defense

All of the COH's actions were reasonable, necessary, and justified under the circumstances.

### Fourth Affirmative Defense

Some or all of Level 3's claims are barred because the COH acted in good faith and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

### Fifth Affirmative Defense

This Court lacks subject matter jurisdiction over some or all of Level 3's claims.

### Sixth Affirmative Defense

None of the COH's actions, including its adoption of the Ordinance, violated 47 U.S.C. § 253(a).

### Seventh Affirmative Defense

All of the COH's actions, including its adoption of the Ordinance, were authorized and permitted by the "safe harbor" provisions of 47 U.S.C. § 253 (b) and (c).

6

### Eighth Affirmative Defense

The COH was authorized and permitted to adopt the Ordinance pursuant to sections 11-43-62 and 11-45-1 of the *Alabama Code*.

### Ninth Affirmative Defense

Level 3's claims under 42 U.S.C. § 1983, to the extent that they are based on alleged violations of 47 U.S.C. § 253 and/or the Supremacy Clause of the United States Constitution, are not maintainable because Level 3 may not seek redress under section 1983 for such violations.

### Tenth Affirmative Defense

Some or all of Level 3's claims are barred because, if allowed, such claims would impair one or more contracts in violation of federal and state constitutions and statutes.

### Eleventh Affirmative Defense

Some or all of Level 3's claims are barred by the doctrines of waiver, unclean hands, acquiescence, estoppel, ratification, and/or latches.

### Twelfth Affirmative Defense

Level 3 may lack standing to assert any claim on an alleged violation of 47 U.S.C. § 253.

### Thirteenth Affirmative Defense

Level 3's claims based on alleged violations of 47 U.S.C. § 253 are barred because Level 3 is not a provider of a "telecommunications service."

### Fourteenth Affirmative Defense

None of the COH's actions, including its adoption of the Ordinance, violates 1) any provision of 47 U.S.C. § 253; 2) any statutory, decisional, or constitutional law; 3) the Supremacy Clause of the United States Constitution; or 4) 42 U.S.C. § 1983.

7

## Fifteenth Affirmative Defense

The Alabama Supreme Court's decision in *Lightwave Technologies, LLC v. Escambia County*, 804 So. 2d 176 (Ala. 2001) does not invalidate any provision of the Ordinance.

## Sixteenth Affirmative Defense

All of Level 3's claims may be time-barred.

The COH reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

Michael L. Fees
Alabama State Bar Number: 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

C. Gregory Burgess
Alabama State Bar Number: 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

**Attorneys for Defendant City of Huntsville, Alabama**

**OF COUNSEL:**

**FEES & BURGESS, P.C.**
231 Green Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440

8

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing has been served upon the following by depositing a copy in the United States Mail, first class, postage prepaid, addressed to them this the 16th day of September, 2002.

EDGAR C. GENTLE, III
**GENTLE, PICKENS, ELIASON & TURNER**
Suite 1200 - Two North Twentieth Building
2 North 20th Street
Birmingham, Alabama 35203

DEBORAH A. PICKENS
**GENTLE, PICKENS, ELIASON & TURNER**
Suite 1200 - Two North Twentieth Building
2 North 20th Street
Birmingham, Alabama 35203

C. Gregory Burgess