IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 02-P-2055-NE |
| CITY OF HUNTSVILLE, ALABAMA, a municipal corporation, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF LEVEL 3 COMMUNICATIONS, LLC'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, and the Court's November 7, 2003 Order, Plaintiff Level 3 Communications, LLC ("Level 3") respectfully moves this Court for an order granting it summary judgment on Counts I, II, III, and V of its First Amended And Restated Complaint and partial summary judgment on Count IV. In support of its Motion, as more fully set forth and supported in Level 3's Initial Submission in Response To Exhibit A Of The Court's Order and its Statement Of Facts In Response To Exhibit A of the Court's Order, Level 3 states as follows:

1.   Level 3 hereby incorporates by reference, as if fully set forth herein, its accompanying Initial Submission in Response To Exhibit A Of The Court's Order and its Statement Of Facts In Response To Exhibit A of the Court's Order.

2.   Level 3 is entitled to judgment on Counts II and III of its First Amended And Restated Complaint, brought under Section 253 of the federal Communications Act, 47 U.S.C. § 253 (the "Act"), because there is no genuine issue of material fact that the actions taken and requirements imposed on Level 3 by Defendant City of Huntsville ("City") as absolute preconditions of allowing Level 3 to construct its telecommunications network in the public



rights-of-way, as a matter of law, prohibited or had the effect of prohibiting Level 3's ability to provide telecommunications services in violation of 47 U.S.C. § 253(a) ("Section 253(a)").

3. Specifically, the City violated Section 253(a), as a matter of law, by making Level 3's ability to construct its facilities and provide telecommunications services subject to the unfettered discretion of City Staff and the City Council. In addition, and in the alternative, the City violated Section 253(a) by subjecting Level 3 to extensive regulatory entry requirements, including but not limited to annual recurring fees exceeding $170,000, while permitting Level 3's primary competitor, the incumbent monopolist BellSouth, to maintain its facilities in the public rights-of-way without payment of any fees or subjection to an even remotely similar level of regulatory burden. The City thus materially inhibited or limited Level 3's ability to compete in a fair and balanced legal and regulatory environment. *TCG New York, Inc. v. City of White Plains*, 305 F.3d 67, 76 (2d Cir. 2002), *cert. denied*, 123 S.Ct. 1582 (2003).

4. In addition, and in the alternative, the actions taken and requirements imposed on Level 3 by the City during the application process and in the challenged Ordinance No. 00-819, individually or when taken as a whole, had the effect of prohibiting Level 3's ability to provide telecommunications services in violation of 47 U.S.C. § 253(a). *White Plains*, 305 F.3d at 76-77; *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001), *cert. denied*, 534 U.S. 1079 (2002).

5. The actions taken and requirements imposed by the City of Huntsville are not directly related to the City's management of the public rights-of-way, are not fair and reasonable compensation for use of the public rights-of-way, and are not competitively neutral and non discriminatory. In addition, the fees imposed by the City on Level 3 were not publicly disclosed. Accordingly, the City's actions and requirements do not comply with 47 U.S.C. § 253(c).

6. In the alternative, Level 3 is entitled to summary judgment on Count I of its First Amended And Restated Complaint on the grounds that there is no genuine issue of material fact that the annual monetary compensation requirement plus in-kind compensation requirement

2

imposed on Level 3 by the City is not limited to the City's cost of managing Level 3's construction in the public rights-of-way; that the money received from Level 3 by the City has been placed in the City's General Fund for use for any purpose; and that the City's purpose in imposing the compensation requirements was general revenue purposes. Thus, as a matter of law, the compensation requirements imposed by the City on Level 3 in Ordinance No. 00-819 are a tax.

7. In addition, Level 3 is entitled to partial summary judgment on Count IV of its First Amended And Restated Complaint on the grounds that there is no genuine issue of material fact that the City, and members of the City of Huntsville staff, acted under color of law when they engaged in the challenged actions that denied Level 3 the right to access the public rights-of-way and provide telecommunications services. The City's actions violated Level 3's right to access the public rights-of-way and provide telecommunications services under Section 253. Finally, the actions and edicts of the City's legal staff had the force and effect of official policy, as the City Council would not permit Level 3 to proceed without its approval. The City's actions and requirements caused Level 3 damage. Accordingly, the City has violated Level 3's federal rights under color of law, causing Level 3 damage, and the City is liable for such damages and attorneys fees under 42 U.S.C. § 1983. Level 3 respectfully requests that the Court grant it partial summary judgment and set a trial date for the determination of damages.

8. In addition, Level 3 is entitled to summary judgment on Count V of its First Amended And Restated Complaint on the grounds that Level 3 has demonstrated that the annual monetary fees imposed by the City in Ordinance No. 00-819 are not lawful under 47 U.S.C. § 253, and thus the City is not entitled to payment by Level 3. Thus, Level 3 should be refunded the $105,534 and $172,156.50 deposited with the Court.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was served via e-mail and by federal express on the following individual on this 19th day of December, 2003:

C. Gregory Burgess
Michael L. Fees
Fees & Burgess, P.C.
231 Green Street
Huntsville, AL 35801

_____
OF COUNSEL