UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 5:02-cv-2055-VEH |
| ) | |
| CITY OF HUNTSVILLE, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO ALTER OR AMEND**

Pursuant to rule 59(e) of the Federal Rules of Civil Procedure, defendant City of Huntsville, Alabama (the "COH"), hereby moves the Court to alter or amend the order and memorandum opinion entered in this action on May 17, 2005, on the cross motions for summary judgment filed by the COH and plaintiff Level 3 Communications, LLC ("Level 3"). As grounds for this motion, the COH states as follows:

**I.  INTRODUCTION**

On May 17, 2005, the Court ruled on the cross motions for summary judgment filed by the COH and Level 3 in this case. As part of this ruling, the Court granted partial summary judgment to Level 3 with respect to a claim for declaratory relief in Count I of the amended complaint, and in so doing declared that the per-linear-foot compensation charged to Level 3 for use of the COH's rights-of-way ("ROW use

fee") under Ordinance No. 00-819 (the "agreement") is a "tax" under Alabama law. (See 5/17/05 Order, p. 1, ¶ 1). For the reasons explained below, the COH respectfully submits that the Court's determination that its ROW use fee is a tax under Alabama law is incorrect, and thus the Court's order and memorandum opinion of May 17, 2005, are due to be altered or amended in this respect.

## II.  ARGUMENT

### A.  <u>Lightwave</u> Is Completely Inapplicable To This Case, And It Does Not Support The Determination That ROW Use Fee Is A Tax Under Alabama Law.

The sole legal authority cited by Level 3 as supporting the determination that the ROW use fee is a tax under Alabama law is <u>Lightwave Technologies v. Escambia County</u>, 804 So. 2d 176 (Ala. 2001). While that case did involve a per-linear-foot fee assessed by a county government being declared an impermissible tax, any further similarity is illusory.[1] Put simply, <u>Lightwave</u> was a case about what authority an Alabama county had relative to its rights-of-way, specifically whether an Alabama county was authorized to charge for use of its rights-of-way, and it was only after the Alabama Supreme Court concluded that no such authority existed that the "tax" issue

---

[1] There is no indication in <u>Lightwave</u> that a franchise or any type of negotiated agreement was at issue. Rather, <u>Lightwave</u> involved the unilateral imposition of a 1 dollar per-linear-foot charge by the county, ostensibly imposed as part of the county's regulation of its rights-of-way. <u>Lightwave</u>, 804 So. 2d at 179-180.

was ever reached. In assessing the legality of the charge, the Alabama Supreme Court first recognized that, under section 23-1-85 of the <u>Alabama Code</u>, the county's authority extended "only so far as to allow it to regulate the use of the rights-of-way so that the use of the roads will not be unreasonably or unnecessarily interfered with." <u>Lightwave</u>, 804 So. 2d at 179. Then, only *after* determining that the county's authority was so circumscribed (*i.e.*, limited to rights-of-way management), the Alabama Supreme Court took the next series of steps and ultimately concluded that the charge at issue had to be a tax and further that it was an impermissible tax given that the county also lacked taxing authority. <u>Id</u>. at 179-180.

More specifically, once the imposition of the charge was deemed to be outside the scope of the county's regulatory authority under section 23-1-85, the Alabama Supreme Court was forced to conclude (1) that the charge necessarily had to be a tax because it was designed to generate revenue, was not rationally related to repairing the rights-of-way following installation of the fiber optic cable, and was deposited into a fund unrelated to maintenance of the county's rights-of-way; and (2) that the tax was unlawful because the county lacked authority to levy taxes. <u>Lightwave</u>, 804 So. 2d at 179-180. Although the Alabama Supreme Court's analysis is not entirely straightforward, it is obvious that the three factors discussed in <u>Lightwave</u> were merely applied to determine whether the charge by the county was for recoupment of

costs relative to rights-of-way management power – in which event the charge would have been a permissible regulation by the county pursuant to its authority under section 23-1-85 – or whether the charge was imposed in order to generate revenue – in which event the charge was unlawful insofar as the county lacked taxing authority under Alabama law.  In other words, the Lightwave factors were utilized by the Alabama Supreme Court to determine whether the county's charge could be justified as a permissible regulation under section 23-1-85.  They were not recited and applied by the Alabama Supreme Court for the much broader purpose of setting out a universal test for determining whether a given charge by a local government for use of its rights-of-way is always a tax.

Clearly, if the county's authority in Lightwave had been broad enough to allow it to charge a rights-of-way use fee for revenue-generating purposes, the "tax" issue never would have come into play and the outcome would have been quite different because the charge would have been deemed a permissible regulation.  This is where Lightwave and this case part company because the COH unquestionably has this type of authority under Alabama Law.  Indeed, it is well-settled and beyond any reasonable dispute that Alabama municipalities *are* authorized to enter into franchise agreements such as the one at issue in this case and also to sell or lease municipal rights-of-way pursuant to that authority.  See ALA. CONST. art I, § 22, art. XII, §§ 220

and 228; ALA. CODE §§ 11-43-62, 11-40-1, and 11-45-8 (1975); <u>Operation New Birmingham v. Flynn</u>, 621 So. 2d 1316, 1318 (Ala. 1993) ("It is well settled in this state that the right to use the public streets for hire is not a right of public or private enterprise but is a privilege-generally called a franchise-subject to the consent and regulation of the municipality. . . . In such use of the public streets, it is wholly within the province of the municipal authorities under § 220, Alabama Constitution, to grant its consent or withhold it to any person or group. Thus, the municipality, in the exercise of this authority granted by § 220, coupled with the police powers granted municipalities by the state, has the irrevisable discretion to determine whether, and to what extent, a service is needed, and to fix and determine the streets and to name the grantee of such right. . . . *[T]he municipalities are only limited in the exercise of such discretion by §§ 22 and 228 of the Constitution which restricts the power to grant franchises to those that are not exclusive or perpetual.*") (emphasis added) (<u>quoting</u> <u>Crabtree v. City of Birmingham</u>, 299 So. 2d 282, 287 (Ala. 1974)); <u>Boman v. City of Birmingham</u>, 280 F.2d 581, 534-535 (5th Cir. 1960); <u>see also</u> 246 Ala. Op. Atty. Gen. 31, 1997 WL 1053999, at *2 (1997); 218 Ala. Op. Atty. Gen. 38, 1990 WL 484350, at *1 (1990); 198 Ala. Op. Atty. Gen. 20, 1985 WL 69069, at *1 (1985); 194 Ala. Op. Atty. Gen. 25, 1983 WL 41915, at *1 (1983); Alabama Attorney General's Opinion No. 81-00244, <u>available at</u>,

http://www.ago.alabama.gov/oldopinions/8100244.pdf (February 12, 1981) ("There is no law which authorizes a county government to grant a franchise. Section 220 of the Constitution of Alabama, 1901 and Code of Alabama 1975, Section 11-43-62 permit municipalities of this State to grant franchises but there are not any constitutional or statutory provisions permitting a county to exercise this power.").

More to the point, contrary to the limited regulatory authority extended to counties under section 23-1-85 that obviously dictated the result in Lightwave, section 11-43-62 explicitly gives Alabama municipalities the authority to "sell" or "lease" franchises for use of their rights-of-way. ALA. CODE § 11-43-62 (1975). Thus, because the COH is expressly authorized under Alabama law to charge Level 3 rent for using its rights-of-way – which is exactly what the COH's ROW use fee represents – it is improper for the Court to apply the Lightwave analysis and label the COH's ROW use fee a tax. While Level 3 may attempt to argue, as it tried to do at the summary-judgment hearing, that the COH does not have the authority to enter into a franchise agreement such as the one at issue in this case, Level 3 has never cited any provision of law which supports this proposition other than its misplaced reliance on Lightwave. Furthermore, the above-cited authorities, collectively considered, make it overwhelmingly clear that the COH does indeed have this type of franchising authority. See ALA. CONST. art I, § 22, art. XII, §§ 220 and 228; ALA. CODE §§ 11-

43-62 (1975); Operation New Birmingham, 621 So. 2d at 1318; Boman, 280 F.2d at 534-535.

In sum, the determination that the COH's ROW use fee is a tax is contrary to Alabama law. Factually, as the Court's memorandum opinion recognizes, Level 3 approached the COH in order to gain access to the COH's rights-of-way, the COH then negotiated with Level 3 to agree upon suitable compensation for Level 3's occupancy of the COH's rights-of-way, and an agreement was thereafter reached and executed between the COH and Level 3. (See Memorandum Op., pp. 3-4). Furthermore, as explained *supra*, the COH was authorized by Alabama law to enter into such an agreement and also to charge Level 3 rent for use of its rights–of-way. By contrast, Lightwave involved a county's unilateral imposition of a charge for use of the county's rights-of-way which was not authorized by Alabama law as a permissible regulation, and thus the Alabama Supreme Court had no choice but to conclude that the county's charge was an impermissible tax. To call the COH's ROW use fee a tax, put simply, is therefore not supported at all by Lightwave given the material differences between the regulatory authority of an Alabama county and an Alabama municipality. Indeed, likening this case to the situation in Lightwave is an "apples and oranges" comparison. Other than the inapposite Lightwave case, however, Level 3 has not cited a single authority which suggests that the COH's

ROW use fee is tax of any kind under Alabama law, permissible or impermissible. And, of course, the reason Level 3 cannot do so is simple: No such authority exists that the COH's ROW use fee is a tax.

    **B.    There Is No Record Evidence Establishing That The COH's ROW Use Fee Was Not Reserved For Its Rights-Of-Way Management Program, And In Fact The Record Establishes The Opposite.**

As explained *supra*, the Lightwave factors are completely irrelevant to this case. However, with reference to the third Lightwave factor, the Court found in its memorandum opinion that "the [ROW use fee] received w[as] not reserved for use in the City's rights-of-way management program, indicating that the charge was a tax rather than a fee." (Memorandum Op., p. 21). The COH respectfully submits that this factual finding is incorrect. The record actually establishes that the ROW use fee paid to the COH by Level 3 *was* reserved for use in the COH's rights-of-way management program. To begin, the agreement itself recites that the COH's ROW use fee "shall be earmarked by the [COH] to fund personnel, operating, and capital expenses necessary for the [COH's] rights-of-way management program." (Def. Evid. Sub. [Ex. S, Final Draft of Agreement, dated 10/12/00, § 8.1(E), p. 17]). Additionally, Randy Taylor, the COH's Director of Finance, testified at deposition that the money received by the COH from Level 3 has never been spent and that it has in fact been earmarked for use in the COH's rights-of way management program

(although admittedly such program has not yet been implemented).  (See Def. Evid. Sub. [Ex. J, Taylor Dep., p. 38]; see also Def. Evid. Sub. [Ex. C, Joffrion Dep., pp. 76-77]).  Thus, even assuming Lightwave has any bearing on this case, one of the factors relied upon for determining that the COH's ROW use fee in this case is a tax is directly contradicted by the record.  This stands as yet another reason why the determination that the COH's ROW use fee is a tax under Alabama law is incorrect.

## III.   CONCLUSION

For all the foregoing reasons, the Court should alter or amend its order and memorandum opinion of May 17, 2005, to the extent that they declare that the COH's ROW use fee is a tax under Alabama law, and the Court should further deny summary judgment in favor of Level 3 and grant summary judgment in favor of the COH in regard to this particular claim for declaratory relief in Count I of Level 3's amended complaint.

[INTENTIONALLY LEFT BLANK]

*/S/* Michael L. Fees
Michael L. Fees
Alabama State Bar Number: ASB-4924-F51M


*/S/* C. Gregory Burgess
C. Gregory Burgess
Alabama State Bar Number:  ASB-1519-R79C


**Attorneys for defendant City of Huntsville, Alabama**


**OF COUNSEL:**

**FEES & BURGESS, P.C.**
213 Green Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440
Email: court@feesburgess.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2005, I electronically filed the foregoing with Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

J. MARK WHITE
**WHITE, ARNOLD, ANDREWS & DOWD P.C**
2025 3rd Avenue North, Suite 600
Birmingham, Alabama  35203

AUGUSTA S. DOWD
**WHITE, ARNOLD, ANDREWS & DOWD P.C.**
2025 3rd Avenue North, Suite 600
Birmingham, Alabama  35203

T. SCOTT THOMPSON
**COLE, RAYWID & BRAVERMAN, L.L.P.**
1919 Pennsylvania Avenue NW
Suite 200
Washington, District of Columbia 20006

SAM C. POINTER, JR.
**LIGHTFOOT, FRANKLIN & WHITE, LLC**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

and I hereby certify that a copy of the foregoing has been served by depositing a copy in the United States Mail, first class, postage prepaid, addressed to the following non-CM/ECF participants:

KRISTY J. HALL
**COLE, RAYWID & BRAVERMAN, L.L.P.**
1919 Pennsylvania Avenue NW
Suite 200
Washington, District of Columbia 20006

/S/ C. Gregory Burgess
C. Gregory Burgess