IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CV-02-2055-VEH ) |
| CITY OF HUNTSVILLE, ALABAMA, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the defendant's Fed. R. Civ. P. Rule 59(e) Motion to Alter or Amend (doc.82). The plaintiff is Level 3 Communications, L.L.C. ("Level 3"); the defendant is the City of Huntsville, Alabama ("COH"). For the reasons set forth, the Motion is **DENIED**.

On June 16, 2005, both parties filed notices of appeal (docs. 86 and 87). The notices do not, however, deprive this court of jurisdiction to rule on the COH's pending motion.

Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides: "If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule(a)(4)(A)--the notice becomes effective to appeal a

judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  The Supreme Court has confirmed this interpretation, holding that "[F]ederal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending[;] whether a particular pending motion falls under Rule 59(e) will of necessity determine whether an otherwise final judgment is appealable." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989).

In its motion, the COH says that the court's May 17, 2005 Order is wrong because: (1) the court's legal analysis was incorrect; and (2) one (or more) of the court's factual findings was incorrect.  Level 3, in its opposition, says the COH's motion is essentially a motion to reconsider this court's prior summary judgment order and therefore is procedurally deficient.  Level 3 is correct.

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available...." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to entry of judgment.  *See Stone v. Wall*, 135 F.3d 1428, 1442 (11th Cir. 1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2810.1 (2d ed. 1995)." *Michael Linet, Inc. v. Village of Wellington*, No. 04-14759, 2005 U.S. App. LEXIS 7907, at

*13 (11th Cir. May 6, 2005).

    DONE and ORDERED this 21st day of June, 2005.

                                                   **VIRGINIA EMERSON HOPKINS**
                                                   United States District Judge